UNITED STATES DISTRICT COURT  b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KIM JAMES BUTLER, JR. | CIVIL ACTION NO. 1:16-CV-00189 |
| VERSUS | JUDGE TRIMBLE |
| BARNHART, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Background

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Kim James Butler ("Butler"). Butler is incarcerated in the Federal Correctional Institution (Medium) in Pollock, Louisiana ("FCI-Pollock"). Butler alleges that the Bureau of Prisons ("BOP") miscalculated his sentence. For relief, Butler seeks credit on his sentence from August 13, 2010 through November 8, 2010.

Respondents filed a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(1) (Doc. 12), contending that, because Butler has been granted the relief he seeks, his petition should be dismissed as moot. Butler has not opposed that motion. Respondents' Motion to Dismiss is now before the Court.

II. Law and Analysis

    A. Standards governing a Motion to Dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(1).

Lack of subject matter jurisdiction may be found on any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. See Robinson v. TCI/US West Communications, Inc., 117 F.3d 900 (5th Cir. 1997). Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations. Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004).

    B.    Butler's habeas petition is moot.

Butler contends the BOP failed to give him credit on his sentence from August 13, 2010 through November 8, 2010 (the date he was sentenced).

Respondents contend that Butler has been given the relief he requests in his habeas petition. An affidavit from David Piland, a paralegal specialist for the Bureau of Prisons, shows that Butler (# 14446-035) received credit toward his federal sentence for the period from August 13, 2010 through November 8, 2010 (Doc. 12-2). Butler has not opposed the motion to dismiss or otherwise shown that he has not received that sentence credit.

An action is rendered moot when the court cannot grant the relief requested by the moving party. See Salgado v. Fed.Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing Brown v. Resor, 407 F.2d 281, 283 (5th Cir. 1969)). A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents. See Adair v. Dretke, 150 Fed.Appx. 329, 331 (5th Cir. 2005) (citing Goldin v. Bartholow, 166 F.3d 710, 717-18 (5th Cir. 1999)).

Since Butler has received the all of the relief requested in his habeas petition, his habeas petition should be dismissed as moot.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Butler's habeas petition be DENIED AND DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>  13th  </u> day of October, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge